IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MERRILL LYNCH BUSINESS <br> FINANCIAL SERVICES INC. <br><br> Plaintiff, <br><br> v. <br><br> EXECUTIVE PERSONNEL SERVICES, INC. <br><br> and <br><br> GERALD M. SHEALEY <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) Civil Action No. 1:07-cv-02100 <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**PLAINTIFF MERRILL LYNCH COMMERCIAL FINANCE CORPORATION'S
MOTION FOR ENTRY OF JUDGMENT BY DEFAULT
AND POINTS AND AUTHORITIES IN SUPPORT THEREOF**

Pursuant to Rule 55(b) of the Federal Rules of Civil Procedure, Plaintiff Merrill Lynch Commercial Finance Corp., as the assignee of the interest of Merrill Lynch Business Financial Services Inc. ("Plaintiff") respectfully moves this Court for an order entering Judgment by Default against Defendant Gerald M. Shealey.  In support of this Motion, Plaintiff respectfully represents the following:

1.  On November 19, 2007, Plaintiff filed its Verified Complaint against Defendant Executive Personnel Services, Inc. ("EPSI") and against Defendant Gerald M. Shealey (collectively, the "Defendants") in the above-captioned matter. (Dkt. Entry No. 1).

2.  Defendants were properly served with process in the above-captioned matter. (Dkt. Entry No. 4).  At no time have Defendants, either individually or collectively, challenged process in this matter.

3. On January 11, 2008, both Defendants appeared before this Court by moving to dismiss Plaintiff's Verified Complaint as to both Defendants for alleged jurisdictional defects under the Judiciary Act, 28 U.S.C. § 1332(a). (Dkt. Entry No. 7). Specifically, Defendants contended that Plaintiff failed to "affirmatively allege the citizenship of one of the parties," thereby necessitating dismissal pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.

4. On January 18, 2008, Plaintiff filed its Amended Verified Complaint (the "Amended Complaint") as a matter of right pursuant to Rule 15(a)(1)(A). (Dkt. Entry No. 8). Therein, among other things, Plaintiff acknowledged the assignment of interest to Merrill Lynch Commercial Finance Corporation and amended its pleading to allege that, "Shealey is an adult individual who is a citizen and domiciliary of the Commonwealth of Virginia." See Amended Complaint, ¶ 3. (Dkt. Entry No. 8).

5. On January 22, 2008, Plaintiff filed its Opposition to the Motion to Dismiss. (Dkt. Entry No. 9). In support thereof, Plaintiff cited its Amended Complaint wherein Plaintiff amended its pleading to allege that, "Shealey is an adult individual who is a citizen and domiciliary of the Commonwealth of Virginia." See Amended Complaint, ¶ 3. (Dkt. Entry No. 8). Because Plaintiff's Amended Complaint correctly pleads citizenship and domicile of Defendant Shealey, jurisdiction pursuant to 28 U.S.C. § 1332(a) is proper.

6. On January 28, 2008, the parties filed a Joint Motion for Entry of Consent Order Resolving Motion to Dismiss. (Dkt. Entry No. 11). Therein, the parties provided the Court with a proposed Consent Order that, among other things, withdrew Defendants' Motion to Dismiss and provided that Defendants would have fifteen (15) days from the entry of the Order in which to file pleadings in response to the Amended Complaint.

7. On January 28, 2008, the Court entered a Minute Order granting the parties' Joint Motion for Entry of Consent Order Resolving Motion to Dismiss referenced above. In that Minute Order, the Court ordered that Defendants were to file an answer or other response to the Amended Complaint no later than February 13, 2008.

8. Defendants filed neither an answer nor any other response to the Amended Complaint by February 13, 2008.

9. On February 21, 2008, Plaintiff submitted its Affidavit for Entry of Default against Defendant Executive Personnel Services, Inc. and against Defendant Gerald M. Shealey to the Clerk of the United States District Court for the District of Columbia ("this Court") (Dkt. Entry No. 12).

10. On February 22, 2008, the Clerk of this Court entered Default against Defendant Executive Personnel Services, Inc. and against Defendant Gerald M. Shealey in the above-captioned matter (Dkt Entry No. 13).

11. Plaintiff has provided counsel of record for the Defendants with written notice of this Motion as evidenced by the attached certificate of service.

12. Plaintiff's Amended Complaint established that on or around June 23, 1998, Plaintiff and EPSI entered into the WCMA and Term Loan and Security Agreement No. 9806660201 (the "Loan and Security Agreement"). See Amended Complaint, Exhibit A (Dkt. Entry No. 8). Under the Loan and Security Agreement, Plaintiff extended to EPSI a line of credit in the amount of $300,000.00 with an initial Maturity Date of June 30, 1999 (the WCMA Line of Credit), which is further evidenced by the WCMA Line of Credit Note (the "WCMA Note") found in Article III of the Loan and Security Agreement. Id. The Loan and Security Agreement was amended many times, both to extend the Maturity Date and to increase the

amount of the line of credit. By letter dated December 17, 2003, Plaintiff extended the Maturity Date to December 31, 2004, and increased the line of credit to $900,000.00. Thereafter, Plaintiff eventually extended the Maturity Date to April 30, 2006. See Amended Complaint, Exhibits A, D (Dkt. Entry No. 8).

13. Plaintiff's Amended Complaint established that pursuant to Paragraph 4.4 of the Loan and Security Agreement, the WCMA Note and WCMA Line of Credit is secured by EPSI's pledge of certain collateral to Plaintiff, granting Plaintiff first liens and security interests in and upon all of the certain collateral as defined therein. "Collateral," as defined by the Loan and Security Agreement, includes all "Accounts, Chattel Paper, Contract Rights, General Intangibles, Deposit Accounts, Documents and Instruments of [EPSI], whether now owned or existing or hereafter acquired or arising, and wherever located; together with books and records (including computer records) in any way related thereto, all proceeds thereof," and includes any "cash, credit, deposits, accounts, securities and any other property of Customer which is in transit to or in the possession, custody or control of [Plaintiff or any of Plaintiff's agents or affiliates], including, without limitation, the WCMA Account and any Money Accounts, and all cash, securities and other financial assets therein or controlled thereby, and all proceeds thereof." See Amended Complaint, Exhibit A, ¶¶ 1.1(g), 4.6(b) (Dkt Entry No. 8).

14. The Amended Complaint further established that, pursuant to the terms of the Guaranty, Shealey unconditionally guaranteed to Plaintiff the timely payment and performance of all liabilities and obligations of EPSI to Plaintiff, including, but not limited to, all obligations under the Loan and Security Agreement and the WCMA Note. See Amended Complaint, Exhibit B (Dkt. Entry No. 8).

REST1\607599.3                                                    4

15. The Amended Complaint also established that EPSI is in default of its obligations under the Loan and Security Agreement and the WCMA Note by, *inter alia*, failing to pay Plaintiff amounts owed under the WCMA Note and the Loan and Security Agreement and by failing to produce certain financial information required under the Loan and Security Agreement. Shealey has defaulted on his obligations under the Guaranty by, *inter alia*, failing to pay Plaintiff amounts owed under the Loan and Security Agreement and the WCMA Note after EPSI defaulted on its obligations. See Amended Complaint, ¶¶ 10-12 (Dkt. Entry No. 8).

16. Plaintiff's Amended Complaint further established that, pursuant to the terms of the Loan and Security Agreement, the WCMA Note, and the Guaranty, EPSI and Shealey are jointly and severally obligated to pay the attorneys' fees and expenses incurred by Plaintiff in enforcing its rights. See Amended Complaint, ¶ 15 (Dkt. Entry No. 8).

17. The Amended Complaint established that, as of March 28, 2008, the balance due and owing to Plaintiff under the WCMA Note is $795,683.84, plus attorneys' fees and expenses, and all other fees and expenses that are owed under the Loan and Security Agreement. As of March 28, 2008, interest is accruing on the principal balance of the loan at a per diem rate of $125.90, which per diem is subject to fluctuation in accordance with the Loan and Security Agreement. See Amended Complaint, ¶ 16 (Dkt. Entry No. 8).

18. As set forth in the Amended Complaint, in the event of default, Plaintiff may avail itself of any of the remedies available under Paragraph 4.6 of the Loan and Security Agreement. Under Paragraph 4.6(iv) of the Loan and Security Agreement, in the event of default by EPSI, Plaintiff may require EPSI to make the Collateral available to Plaintiff or Plaintiff's designated representative at a place designated by Plaintiff, and Plaintiff may take possession of the

Collateral without the use of any judicial process and without prior notice to EPSI. See Amended Complaint, Exhibit A, ¶ 4.6 (Dkt Entry No. 8).

19. Also established in the Amended Complaint, under Paragraph 4.6(iv) of the Loan and Security Agreement, in the event of default by EPSI, Plaintiff may require EPSI to make the records pertaining to the Collateral available to Plaintiff or Plaintiff's designated representative at a place designated by Plaintiff, and Plaintiff may take possession of the records pertaining to the Collateral without the use of any judicial process and without prior notice to EPSI. See Amended Complaint, Exhibit A, ¶ 4.6 (Dkt Entry No. 8).

20. At approximately 3:25 p.m. on March 27, 2008, a voluntary petition under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code") with respect to EPSI was filed with this Court, referred, pursuant to DCt. LBR 5011-1, to the United States Bankruptcy Court for the District of Columbia, and encaptioned *In Re: Executive Personnel Services Inc.*, Debtor, Case No. 08-00210 (Chapter 11). By this Motion, Plaintiff does not seek entry of judgment by default against Defendant EPSI.[1]

21. The allegations in Plaintiff's Amended Complaint, including those referenced in this Motion, have been verified by Raymond Abbott, Vice President, Merrill Lynch Commercial Finance Corporation. Mr. Abbott's Declaration is attached hereto as Exhibit A.

22. The Declaration of John G. McJunkin, submitted in support of this Motion and attached hereto as Exhibit B, establishes that Plaintiff is additionally entitled to entry of judgment by default against the Defendants in the amount of $89,112.88 in attorneys' fees and costs incurred by Plaintiff in this matter.

---

[1] Plaintiff reserves all rights and remedies with respect to EPSI, including, but not limited to, the right to seek entry of such a judgment; this Motion, and any action taken with respect thereto, is not, and should not be construed to be, a waiver, release, discharge, election of remedy or any other limitation or diminution of Plaintiff's rights and remedies.

WHEREFORE, Plaintiff respectfully requests that the Court enter Judgment by Default against Defendant Gerald M. Shealey and grant the relief requested in the Amended Complaint including (i) a money judgment against Defendant Shealey in the amount of $795,683.84, plus interest accruing since March 28, 2008 on that sum at a per diem rate of $125.90 until the date of judgment, plus all reasonable costs (including attorneys' fees and costs through March 26, 2008 in the amount of $89,112.88) incurred by Plaintiff in its efforts to collect the amount due from each of the Defendants pursuant to the Loan and Security Agreement, the WCMA Note, and the Guaranty, with interest to accrue on the entire unpaid judgment amount at the contract rate; (ii) an order preserving Plaintiff's right to seek post-judgment costs and fees, including, but not limited to, attorneys fees and costs; (iii) an order preserving Plaintiff's right to submit its Bill of Costs pursuant to Local Rule LCvR 54.1(a) within twenty (20) days after the entry of judgment; and (iv) an order preserving all of Plaintiff's rights and remedies with respect to EPSI including, but not limited to the right to require EPSI to preserve and to deliver the Collateral as appropriate to support Plaintiff's efforts to sell the Collateral in accordance with the Loan and Security Agreement and the Uniform Commercial Code and to make the Collateral and records pertinent to the Collateral available to Plaintiff or Plaintiff's designated representative at a place designated by Plaintiff, pending further Order of this Court.

Dated: March 28, 2008                                       Respectfully submitted,

/s/ John G. McJunkin
John G. McJunkin, D.C. Bar No. 420223
DLA Piper US LLP
1775 Wiehle Avenue, Suite 400
Reston, VA  20190
(703) 773-4152   Telephone
(703) 773-5030   Facsimile

and

Daniel Carrigan, D.C. Bar No. 452073
DLA Piper US LLP
500 8th Street, NW
Washington, DC  20004
(202) 799-4750 Telephone
(202) 799-5000 Facsimile

*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

    I hereby certify, that on this 28th day of March, 2008, a true and correct copy of the foregoing Motion for Entry of Judgment by Default was sent by electronic mail and by first-class U.S. mail, postage prepaid to:

> Bruce W. Henry
> Joel L. Dahnke
> Henry, O'Donnell, Dahnke & Walther, P.C.
> 4103 Chain Bridge Road
> Suite 100
> Fairfax, Virginia  22030
> *Counsel of Record for Defendants*

                                          /s/ John G. McJunkin
                                          John G. McJunkin

Case 1:07-cv-02100-RMC    Document 14-2    Filed 03/28/2008    Page 1 of 4

**EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MERRILL LYNCH BUSINESS<br>FINANCIAL SERVICES INC.<br><br>        Plaintiff,<br><br>v.<br><br>EXECUTIVE PERSONNEL SERVICES, INC.<br><br>    and<br><br>GERALD M. SHEALEY<br><br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)   Civil Action No. 1:07-cv-02100<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## DECLARATION OF RAYMOND ABBOTT IN SUPPORT OF MOTION FOR ENTRY OF JUDGMENT BY DEFAULT

I, Raymond Abbott, hereby declare as follows:

1.   I am a Vice President of Merrill Lynch Commercial Finance Corp., the assignee of the interest of Merrill Lynch Business Financial Services Inc. ("Merrill Lynch" or "Plaintiff"), Plaintiff in the above-captioned matter.

2.   I make this declaration, based on my personal knowledge and review of relevant documents, in support of Plaintiff's Motion for Entry of Judgment by Default against Defendant Gerald M. Shealey, pursuant to Rule 55(b) of the Federal Rules of Civil Procedure.

3.   I have read Merrill Lynch's Amended Complaint filed on January 18, 2008, including all allegations contained therein. I verified under penalty of perjury that the allegations set forth in the Amended Complaint were true and correct to the best of my knowledge and belief as of the date upon which that Amended Complaint was filed.

4.  Based upon my personal knowledge and my review of Merrill Lynch's books, Merrill Lynch and Executive Personnel Services, Inc. ("EPSI") entered into the WCMA and Term Loan and Security Agreement No. 9806660201 (the "Loan and Security Agreement") on June 23, 1998. Under the Loan and Security Agreement, Merrill Lynch extended to EPSI a line of credit in the amount of $300,000.00 with an initial Maturity Date of June 30, 1999 (the WCMA Line of Credit), which is further evidenced by the WCMA Line of Credit Note (the "WCMA Note") found in Article III of the Loan and Security Agreement. The Loan and Security Agreement was amended many times, not only extending the Maturity Date but increasing the line of credit. By letter dated December 17, 2003, Merrill Lynch extended the Maturity Date to December 31, 2004, and increased the line of credit to $900,000.00. Thereafter, Merrill Lynch eventually extended the Maturity Date to April 30, 2006.

5.  Pursuant to Paragraph 4.4 of the Loan and Security Agreement, the WCMA Note and WCMA Line of Credit is secured by EPSI's pledge of certain collateral to Merrill Lynch, granting Plaintiff first liens and security interests in and upon all of the certain collateral as defined therein. "Collateral," as defined by the Loan and Security Agreement, includes all "Accounts, Chattel Paper, Contract Rights, General Intangibles, Deposit Accounts, Documents and Instruments of [EPSI], whether now owned or existing or hereafter acquired or arising, and wherever located; together with books and records (including computer records) in any way related thereto, all proceeds thereof," and includes any "cash, credit, deposits, accounts, securities and any other property of Customer which is in transit to or in the possession, custody or control of [Plaintiff or any of Plaintiff's agents or affiliates], including, without limitation, the WCMA Account and any Money Accounts, and all cash, securities and other financial assets therein or controlled thereby, and all proceeds thereof."

6. Pursuant to the terms of the Guaranty, Shealey unconditionally guaranteed to Merrill Lynch the timely payment and performance of all liabilities and obligations of EPSI to Merrill Lynch, including, but not limited to, all obligations under the Loan and Security Agreement and the WCMA Note.

7. Based upon my review of Merrill Lynch's books and records, EPSI is in default of its obligations under the Loan and Security Agreement and the WCMA Note by failing to pay Merrill Lynch amounts owed under the WCMA Note and the Loan and Security Agreement and by failing to produce certain financial information required under the Loan and Security Agreement. My review of Merrill Lynch's books and records also confirms that Shealey has defaulted on his obligations under the Guaranty by failing to pay Merrill Lynch amounts owed under the Loan and Security Agreement and the WCMA Note after EPSI defaulted on its obligations.

8. As of March 28, 2008, Merrill Lynch's books and records show that the balance due and owing to Plaintiff under the WCMA Note is $795,683.84, plus attorneys' fees and expenses, and all other fees and expenses that are owed under the Loan and Security Agreement. As of March 28, 2008, interest continues to accrue on the principal balance of the loan at a per diem rate of $125.90.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed this 28 day of March, 2008.

*Raymond Abbott*
Raymond Abbott
Vice President
Merrill Lynch Commercial Finance Corp.

**EXHIBIT B**

REST1\609566.2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MERRILL LYNCH BUSINESS <br> FINANCIAL SERVICES INC. <br><br> Plaintiff, <br><br> v. <br><br> EXECUTIVE PERSONNEL SERVICES, INC. <br><br> and <br><br> GERALD M. SHEALEY <br><br> Defendants. | Civil Action No. 1:07-cv-02100 |

**DECLARATION OF JOHN G. McJUNKIN IN SUPPORT OF
MOTION FOR ENTRY OF JUDGMENT BY DEFAULT**

I, John G. McJunkin, hereby declare as follows:

1.  I am a partner at the law firm of DLA Piper US LLP, 500 Eighth Street, N.W., Washington, D.C. 20004, attorneys for Plaintiff Merrill Lynch Commercial Finance Corporation, as the assignee of the interest of Merrill Lynch Business Financial Services, Inc. ("Plaintiff") in the above-referenced matter.

2.  I am a member in good standing of the District of Columbia Bar (D.C. Bar No. 420223) and of the Bar of the United States District Court for the District of Columbia ("this Court").

3.  I make this declaration, based on my personal knowledge and on my review of relevant documents in support of Plaintiff's Motion for Entry of Judgment by Default against Defendant Gerald M. Shealey, pursuant to Rule 55(b) of the Federal Rules of Civil Procedure (the "Motion").

4.     As of March 26, 2008, Plaintiff has incurred attorneys' fees in connection with this matter in the amount of $87,793.50 and costs in the amount of $1,319.38.

5.     This amount reflects the application of all discounts and the exercise of reasonable billing discretion in writing off certain hours and/or amounts to ensure the reasonableness of the fees charged.

6.     The specific legal services provided by DLA Piper US LLP included, but are not limited to, preliminary consultations with the client; review of relevant documents; researching potential causes of action; preparing demand letters to Defendant; preparing the Complaint and an Amended Complaint; arranging for service of process; engaging in extensive settlement discussions with counsel for Defendant; preparation of numerous drafts of settlement and restructure documentation; analyzing Defendant Shealey's transfers of property; reviewing rights of Plaintiff under the Uniform Commercial Code; preparing the entry of default as to the Defendant and this Motion.  In the event that this Court requires descriptive time entries from our billing records, Plaintiff requests an *in camera* review to accommodate attorney-client privilege concerns.

7.     This Declaration does not address attorneys' fees and costs incurred by Plaintiff subsequent to March 26, 2008, as to which Plaintiff reserves all rights.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this  28th day of March, 2008.

                                        /s/ John G. McJunkin
                                        John G. McJunkin

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MERRILL LYNCH BUSINESS** )<br>**FINANCIAL SERVICES INC.** )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>**EXECUTIVE PERSONNEL SERVICES, INC.** )<br>)<br>and )<br>)<br>**GERALD M. SHEALEY** )<br>)<br>Defendants. )<br>)<br>_____ ) | Civil Action No. 1:07-cv-02100 |

## ORDER

Upon consideration of Plaintiff's Motion for Entry of Judgment by Default, it is this ____ day of _____, 2008 hereby:

ORDERED and ADJUDGED that Judgment by Default be entered in favor of Plaintiff Merrill Lynch Commercial Finance Corporation, as the assignee of the interest of Merrill Lynch Business Financial Services, Inc. and against Defendant Gerald M. Shealey in the amount of $795,432.53, plus interest accruing since March 26, 2008 on that sum at a per diem rate of $124.43 until the date of judgment, plus all reasonable costs (including attorneys' fees and costs through March 26, 2008 in the amount of $89,112.88) incurred by Plaintiff in its efforts to collect the amount due from each of the Defendant Gerald M. Shealey pursuant to the Loan and Security Agreement, the WCMA Note, and the Guaranty, with interest to accrue on the entire

unpaid judgment amount at the contract rate; plus post-judgment costs including an accounting for taxation of costs to be submitted within twenty days of the entry of this Order; and it is further

ORDERED that, not withstanding the entry of this Order, Plaintiff's rights and remedies with respect to EPSI, including, but not limited to, the rights to require EPSI to preserve and deliver the Collateral as appropriate to support Plaintiff's efforts to sell the Collateral in accordance with the Loan and Security Agreement, and

to make the Collateral and records pertinent to the Collateral available to Plaintiff at a place to be designated by Plaintiff, are fully preserved, pending further Order of this Court.

_____
Rosemary M. Collier
Judge
United States District Court
for the District of Columbia